UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIO MAURICIO LOPEZ LOPEZ, | No.  1:26-cv-03556-DAD-CKD (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT |
| WARDEN | |
| Respondent. | (Doc. Nos. 1, 2) |

On May 8, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On May 8, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address in its opposition whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cited cases that this court has decided.  (Doc. No. 4.)

On May 11, 2026, respondent filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  In that opposition, respondent argues in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc No. 6 at 3), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondent alternatively argues that

1

petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).  (Doc. No. 6 at 3–5.)  In this regard, respondent states that on November 18, 2023, petitioner was charged with retail theft, on December 17, 2025, petitioner was convicted of the infraction of driving without a license, and on March 26, 2026 he was arrested for "Possession of a Controlled Substance, Driving Under the Influence, [] Open Container/Drinking Alcohol in a Vehicle[] . . . [and] Use or Possessing of Drug Paraphernalia." (*Id.* at 2.)  However, respondent fails to specify which, if any, of these pending charges or conviction would render petitioner subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).[1]  (*Id.* at 3–5.)

The two possibly pertinent subsections of § 1226(c) are § 1226(c)(1)(A) and (c)(1)(E).  The former "makes detention mandatory for any alien [who is inadmissible by reason of having] committed any offense covered in 8 U.S.C. § 1182(a)(2), which in turn applies to any alien 'convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of' any 'crime involving moral turpitude' or controlled substance offense." *Prior v. Andrews*, No. 1:25-cv-01131-JLT-EPG, 2025 WL 2675569, at *2 (E.D. Cal. Sept. 18, 2025) (quoting 8 U.S.C. § 1182(a)(2)).  The only actual conviction which respondent have identified is for driving with "No Valid Driver License" in Utah.  (Doc. No. 6 at 2.)  The court has not identified any caselaw which supports the proposition that this is a "crime involving moral turpitude" nor have respondent.  Even supposing that it were, 8 U.S.C. § 1182(a)(2)(A)(ii) provides that a noncitizen is not inadmissible by virtue of having committing such a crime if they "committed only one crime" and "the maximum penalty possible for the crime of which the [noncitizen] was convicted . . . did not exceed imprisonment for one year and, if the [noncitizen

---

[1]  Respondent argues that petitioner should be required to exhaust his administrative remedies regarding his detention under § 1226(c) by requesting a *Matter of Joseph* hearing before an immigration judge.  (Doc. No. 6 at 3–4.)  However, respondent also argues that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention without a hearing.  In light of this position taken by the government, the court determines that pursuit of administrative remedies would be futile and waives that requirement.  *See Crispin M.C. v. Noem*, No. 1:25-cv-01487-KES-HBK (HC), 2026 WL 70553, at *3 n.5 (E.D. Cal. Jan. 8, 2026) (waiving exhaustion requirement where the respondents argued that the petitioner was subject to § 1225(b)(2)(A) and accordingly any request for a bond hearing would be futile).

was convicted of such crime, the [noncitizen] was not sentenced to a term of imprisonment in excess of 6 months."  8 U.S.C. § 1182(a)(2)(A)(ii).  Petitioner's conviction was pursuant to Utah Code § 53-3-202,[2] which provides only for a "minimum fine" but no term of imprisonment.

Accordingly, petitioner's single identified conviction cannot serve as a basis for mandatory detention pursuant to § 1226(c)(1)(A).

The latter subsection identified by the court above mandates detention for a noncitizen who, in pertinent part, "is *charged* with, [or] is *arrested* for . . . acts which constitute the essential elements of any burglary, theft, larceny, [or] shoplifting[.]"  8 U.S.C. § 1226(c)(1)(E) (emphasis added).  However, this subsection was added to § 1226 with the passage of the Laken Riley Act on January 29, 2025.  Pub. L. No. 119-1, 139 Stat. 3 (2025).  Multiple district courts have determined that § 1226(c)(1)(E) does not apply retroactively to arrests and convictions suffered prior to the passage of the Act.  *Singh v. Noem*, No. 1:26-cv-01160-DC-SCR, 2026 WL 523216, at *2 (E.D. Cal. Feb. 24, 2026) (recommending a finding that the Laken Riley Act does not apply retroactively to a 2024 arrest); *see also Alvarado v. Mattos*, No. 2:26-cv-00416-APG-DJA, 2026 WL 963227, at *3–4 (D. Nev. Apr. 9, 2026) ("[T]he LRA is not a retroactive statute and does not mandate Alvarado's detention due to his burglary and larceny arrests."); *Matute v. Jamison*, No. 2:25-cv-07093-GAW, 2026 WL 461557, at *5–6 (E.D. Pa. Feb. 18, 2026) (finding that the LRA is not a retroactive statute and emphasizing that the "Supreme Court has rejected retroactive legislation attaching adverse consequences to past crimes in the immigration context").[3]

---

[2]  The court observes that the statute specifies that "a person who violates this section is guilty of an infraction."  Utah Code § 53-3-202.  The court does not determine whether an "infraction" can ever serve as the basis for mandatory detention pursuant to 8 U.S.C. § 1226(c).

[3]  Though it does not do so here, it appears that in some other actions the government has conceded that the provisions of the Laken Riley Act do not apply retroactively.  *See, e.g., Araiza v. Hermosillo*, No. 2:25-cv-02139-TL, 2025 WL 3516103, at *2 (W.D. Wash. Dec. 8, 2025) (finding that the respondents conceded that the Laken Riley Act does not apply retroactively when determining whether the petitioner's shoplifting conviction disqualified them from being a member of the *Bautista* class by subjecting them to § 1226(c) detention); *see also Cortes v. Noem*, No. 2:26-cv-00270-JES-DNF, 2026 WL 994291, at *1 (M.D. Fla. Apr. 14, 2026) ("Federal Respondents now take the position that the mandatory detention provisions of the Laken Riley Act amendment contained in 8 U.S.C. § 1226(c)(1)(E)(ii) do not retroactively apply to an arrest or conviction that took place before the [LRA]'s enactment[.]").

Petitioner's only arrest which could qualify under this subsection is his purported November 18, 2023 "retail theft" arrest.  (Doc. No. 6 at 2.)  In light of the persuasive authority finding that § 1226(c)(1)(E) is not retroactive and respondent's failure to identify what charge purportedly serves as the basis for petitioner's mandatory detention or to argue that § 1226(c)(1)(E) can apply retroactively to petitioner's 2023 arrest, the court finds that petitioner is not lawfully detained pursuant to 8 U.S.C. § 1226(c)(1)(E).

Respondent also states in its opposition that it does not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court.  (Doc. No. 6 at 1.)

Based upon a review of the briefing, the court finds the following facts.  Petitioner entered the United States in June 2012.  (Doc. No. 1 at 4.)  On March 26, 2026, petitioner encountered immigration authorities after being detained by Utah state law enforcement and was placed into detention pending completion of his removal proceedings.  (*Id.* at 5.)  The court finds that petitioner was not previously released by immigration authorities.

The court incorporates and adopts the reasoning set forth in its prior order *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), in which the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have: (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention.  Accordingly, the court concludes that petitioner is not lawfully detained pursuant to 8 U.S.C. § 1225.

Respondent argues only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. §§ 1225, 1226(c), arguments which the court has rejected above.  In its opposition, respondent does not identify any alternative statute under which petitioner may be legally detained.  The court therefore finds that petitioner has met his burden to show that his detention pursuant to 8 U.S.C. §§ 1225, 1226(c) is unlawful and that respondent has not demonstrated that his continued detention is authorized by statute.  Accordingly, the court incorporates its reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL

4

788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy here is petitioner's immediate release from custody because respondent has failed to provide authority for his detention.

For the reasons above,

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.  Respondent is ORDERED to immediately release petitioner Dario Mauricio Lopez, A-File No. 221-493-989, from respondent's custody on the conditions, if any, he was subject to prior to his detention on March 26, 2026;

    b.  Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.  Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition for federal habeas relief on the merits;

3.  The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

4.  The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: __**May 14, 2026**__                    _____
                                               DALE A. DROZD
                                               UNITED STATES DISTRICT JUDGE

5